IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CMFG LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                    CASE NO. 4:12cv242-RH/CAS

JUNE WILLIAMS and
DEWEY WILLIAMS,

    Defendants.

_____/

## ORDER DENYING THE MOTION TO DISMISS

This case arises from a dispute between the insurer and the insured under a credit disability insurance policy. The insurer acknowledges that the insured is disabled, and the insurer has been making monthly payments on the insured indebtedness. But the insurer has sued the insured seeking a declaration that its liability will end after 60 months of payments. The insured has moved to dismiss, asserting that there is not yet a ripe dispute. But the insured does not agree that the insurer's liability will end at 60 months. From the complaint and motion to dismiss, it seems clear that there is indeed a dispute on this issue.

Case No.  4:12cv242-RH/CAS

The Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., allows a party to bring an action for resolution of an actual controversy, if there is an independent basis of federal jurisdiction.  The district court has discretion whether to proceed with the action.  *See, e.g.*, *Pub. Affairs Assocs. v. Rickover*, 369 U.S. 111, 112 (1962).

Here, according to the complaint, there is an independent basis of federal jurisdiction: diversity of citizenship.  *See* 28 U.S.C. § 1332.  And the complaint alleges that the defendants assert the plaintiff owes the defendants more than the plaintiff says it owes.  This is precisely the kind of dispute that may appropriately be resolved in a declaratory-judgment action.  *See*, *e.g.*, *McDougald v. Jenson*, 786 F.2d 1465, 1481 (11th Cir. 1986) (noting that the Declaratory Judgment Act should be liberally construed to achieve its objectives, which "include affording one threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy"); 10B Charles Alan Wright et al., *Federal Practice and Procedure: Civil 3D* § 2751 (2012) (noting that the purposes of the Declaratory Judgment Act include "to afford one threatened with liability an early adjudication without waiting until an adversary should see fit to begin an action after the damage has accrued [thus relieving] potential defendants 'from the Damoclean threat of impending litigation which a harassing adversary might

brandish, while initiating suit at his leisure—or never.'") (citations and footnotes omitted)).

For these reasons,

IT IS ORDERED:

The motion to dismiss, ECF No. 9, is DENIED.

SO ORDERED on June 11, 2012.

                                    s/Robert L. Hinkle
                                    United States District Judge